1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    BALWINDER SINGH TUNG,              )    1:10-cv-00461-AWI-JLT HC
                                         )
12                  Petitioner,          )    FINDINGS AND RECOMMENDATION RE:
                                         )    RESPONDENT'S MOTION TO DISMISS
13          v.                           )    THE PETITION (Doc. 13)
                                         )
14                                       )    ORDER DIRECTING OBJECTIONS TO BE
      WARDEN JAMES D. HARTLEY,           )    FILED WITHIN TWENTY DAYS
15                                       )
                    Respondent.          )
16    _____)

17
                              **PROCEDURAL HISTORY**
18
             Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
19
      pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on
20
      March 9, 2010.[1]   In it, Petitioner challenges a decision of the Board of Parole Hearings ("BPH")
21

22
      _____

23          [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
      deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
24    clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's
      mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
25    adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The
      Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
26    AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
      other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
27    earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v.
      Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for the instant federal petition, the Court will consider the
28    date of signing of the proof of service as the earliest possible filing date and the operative date of filing under the mailbox
      rule for calculating the running of the statute of limitation. Petitioner signed the proof of service for the instant petition on
      March 9, 2010. (Doc. 1, p. 59). For all state petitions, the Court will use the actual filing date since Petitioner was

                                          1

following a hearing on August 14, 2006, that Petitioner was not suitable for parole.  In the first and third grounds for relief, Petitioner argues that the BPH's 2006 decision was an unconstitutional and unreasonable determination of the facts and a violation of due process.  (Doc. 1, p. 24; 51).  In the second ground for relief, Petitioner appears to challenge four prior parole denials as well, contending, inter alia, that the BPH's prior decisions were a violation of due process and equal protection.  (Doc. 1, p. 37).

On March 24, 2010, the Court ordered Respondent to file a response.  (Doc. 7).  On May 25, 2010, Respondent filed the instant motion to dismiss, contending that the petition is untimely and unexhausted and therefore should be dismissed.  (Doc. 13).  On June 9, 2010, Petitioner filed his opposition to the motion to dismiss (Doc. 14), and on June 23, 2010, Respondent filed a reply.  (Doc. 15).

## DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. §

_____

represented by counsel in those proceedings.  See Rules Governing Section 2254 Cases, Rule 3(d).

2244(d)(1)'s one year limitation period and Respondent's contention that the claims are unexhausted in state court. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 24, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, as discussed, Petitioner is challenging the results of a BPH hearing on August 14,

1   2006.  At that hearing, the BPH found that Petitioner was not suitable for parole and that he would

2   pose an unreasonable risk of danger to society or a threat to public safety if released from prison .

3   (Doc. 1, p. 149).

4          The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas

5   petitions challenging an administrative decision in the context of a parole board determination.

6   Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080

7   n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period begins to run on "the date on which

8   the factual predicate of the claim or claims presented could have been discovered through the

9   exercise of due diligence."  In the context of a parole board decision, the factual basis is the parole

10  board's denial of a petitioner's administrative appeal.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at

11  1082-1083.  Thus, the statute of limitations begins to run the day following a petitioner's notification

12  of the parole board's decision.  Id.  Where the date Petitioner received notice of the parole board's

13  hearing is not part of the record,  Shelby rejected the notion that remand for an evidentiary hearing

14  was required to determine the date on which a petitioner found out about the hearing, apparently

15  establishing instead a presumption that an inmate will in fact receive notice on the day the denial is

16  issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts

17  that presumption:

18         "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his
           administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore,
19         the limitation period began running the next day."

20  Shelby, 391 F.3d at 1066.

21         Applying the foregoing principles, Petitioner would have known the factual basis for his

22  claims on August 14, 2006, the day the BPH announced its decision in Petitioner's presence.

23  Accordingly, the one-year period would have commenced the following day, i.e., on August 15,

24  2006, and would have expired 365 days later, i.e., on August 14, 2007.  As mentioned, the instant

25  petition was filed on March 9, 2010, approximately thirty months after the one-year period would

26  have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant

27  petition is untimely and should be dismissed.

28

4

1      C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

2          Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

3   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

4   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

5   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

6   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

7   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

8   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

9   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

10  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

11  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

12  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

13  (9th Cir. 1999).

14         Nevertheless, there are circumstances and periods of time when no statutory tolling is

15  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

16  appeal and the filing of an application for post-conviction or other collateral review in state court,

17  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

18  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

19  a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

20  federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

21  (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

22  2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

23  run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

24  ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the

25  state petition was filed.");  Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

26  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

27  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

28         Here, the documents submitted by Respondent with the motion to dismiss establish that

1    Petitioner filed the following state habeas petitions related to the 2006 BPH hearing: (1) petition

2    filed in the Superior Court of Merced County on June 27, 2007, and denied on September 13, 2007;

3    (2) petition filed in the 5th DCA on January 10, 2008 and denied on May 14, 2009; and (3) petition

4    filed in the California Supreme Court on June 25, 2009 and denied on December 2, 2009.

5         As discussed previously, the one-year period commenced on August 15, 2006 and continued

6    to run until Petitioner filed his first state habeas petition in the Merced County Superior Court on

7    June 27, 2007, a period of 316 days.  At that point, Petitioner would have had only 49 days

8    remaining on his one-year period.  Assuming, without deciding, that all three state petitions were

9    "properly filed" within the meaning of the AEDPA and therefore entitled Petitioner to statutory

10   tolling for both the pendency of the petitions and the intervals between them, Petitioner would have

11   been entitled to statutory tolling from June 27, 2007, until the California Supreme Court denied his

12   last state petition on December 2, 2009.  The one-year period would have resumed the following day,

13   i.e., December 3, 2009, and would have continued to run unabated until it expired 49 days later, i.e.,

14   January 21, 2010.  As mentioned, Petitioner did not file the instant petition until March 9, 2010,

15   some 47 days after the one-year period had expired.

16        Additionally, the Court has accessed the state courts' electronic database and has established

17   that Petitioner filed two additional state habeas petitions, although the nature of those petitions

18   cannot be determined from a cursory review of the State's electronic database.[2]  The first petition, in

19   case no. F059368, was filed in the 5th DCA on January 28, 2010 and denied on April 16, 2010.  The

20   second, in case no. S183759, was filed in the California Supreme Court on June 21, 2010, and is still

21   pending.  The latter is obviously irrelevant to this Court's analysis of the timeliness problem since

22   that state petition was filed after the instant petition and thus could have no tolling effect.

23   _____

24        [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
     accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
25   1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
     may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
26   Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
     Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As
27   such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
     and the California Supreme Court are subject to judicial notice.

28

                                          6

1    The same is true for case no. F059368, albeit for a different reason.  A petitioner is not

2 entitled to tolling where the limitations period has *already run* prior to filing a state habeas petition.

3 Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);

4 see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d

5 820 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that

6 has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir.

7 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the

8 one-year limitations period).   Here, as mentioned, the limitations period expired on January 21,

9 2010, seven days *before* Petitioner filed his second state habeas petition in the 5th DCA.

10 Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for that

11 petition.

12    This same legal principles forecloses the Court's consideration of any habeas challenge to the

13 BPH's decision at prior hearings, as alleged in Ground Two.  Petitioner alleges in Ground Two that

14 he was subjected to illegal and unconstitutional BPH hearings on three occasions prior to the 2006

15 hearing: May 3, 2001, November 25, 2002, and April 21, 2004.  (Doc. 1, p. 23).  Petitioner was

16 present at each of these hearings, and at the conclusion of each the BPH denied parole suitability.

17 (Id., pp. 80; 88; 93).  Accordingly, the one-year periods for challenging those BPH decisions would

18 have commenced, respectively, on May 4, 2001, November 26, 2002, and April 22, 2004, and would

19 have expired, respectively, on May 3, 2002, November 25, 2003, and April 21, 2005.  Shelby, 391

20 F.3d at 1066.  Petitioner has not submitted any evidence to establish that he is entitled to statutory

21 tolling for those three periods that are of sufficient length to make timely any petition raising claims

22 pertaining to those hearings.  The "round" of state habeas petitions filed by Petitioner regarding his

23 2006 hearing was commenced after all three of the earlier one-year periods had expired.  Thus, the

24 state petitions provide no statutory tolling for the three earlier petition.  In the absence of any tolling,

25 those claims are barred by the AEDPA's one-year limitation period as well.

26    In his opposition to this motion to dismiss, Petitioner argues that the one-year period did not

27 commence until after the California Supreme Court denied his state petition on December 3, 2009.

28 (Doc. 14, p. 2).  Petitioner apparently assumes, incorrectly, that the statute of limitation is tolled until

1    he files his first state petition.  However, as discussed above, the statute starts to run on the day

2    following the BPH hearing, i.e., the date when Petitioner learned of the factual basis for his habeas

3    claim, and continued to run until tolled by a "properly filed" habeas corpus petition.  See Nino, 183

4    F.3d at 1006-1007 (The limitations period is not tolled for the period between finality of the appeal

5    and the filing of an application for post-conviction or other collateral review in state court since no

6    state court application is "pending.")

7          In sum, after considering all possible statutory tolling available to Petitioner, the petition is

8    still untimely.  Thus, unless Petitioner is entitled to equitable tolling, the petition should be dismissed

9    for violating 28 U.S.C. § 2244(d).

10         D.  Equitable Tolling

11         The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

12   equitable tolling in appropriate cases.  Holland v. Florida, __ S.Ct.__, 2010 WL 2346549  *9

13   (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).

14   The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a

15   prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d

16   1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external

17   forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,

18   equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104,

19   1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing

20   two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

21   circumstance stood in his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544

22   U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under

23   AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066

24   (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."

25   Miles, 187 F. 3d at 1107.

26         Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

27   the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court

28   finds that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be

1  dismissed.

2          E.   The Petition Should Be Dismissed For Lack Of Exhaustion.

3          As an alternative ground for dismissal, Respondent argues that the petition is unexhausted

4  and should be dismissed.   The Court agrees.

5          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6  petition for writ of habeas corpus must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).   The

7  exhaustion doctrine is based on comity to the state court and gives the state court the initial

8  opportunity to correct the state's alleged constitutional deprivations.   Coleman v. Thompson, 501

9  U.S. 722, 731 (1991);   Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

10  1163 (9th Cir. 1988).

11          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

13  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

14  F.3d 828, 829 (9th Cir. 1996).   A federal court will find that the highest state court was given a full

15  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

16  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

17  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

18          Additionally, the petitioner must have specifically told the state court that he was raising a

19  federal constitutional claim.   Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

20  (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

21  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).   In Duncan, the United States Supreme Court

22  reiterated the rule as follows:

23          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
        of state remedies requires that petitioners "fairly presen[t]" federal claims to the
24      state courts in order to give the State the "'opportunity to pass upon and correct
        alleged violations of the prisoners' federal rights" (some internal quotation marks
25      omitted). If state courts are to be given the opportunity to correct alleged violations
        of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
26      are asserting claims under the United States Constitution. If a habeas petitioner
        wishes to claim that an evidentiary ruling at a state court trial denied him the due
27      process of law guaranteed by the Fourteenth Amendment, he must say so, not only
        in federal court, but in state court.
28

1   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2            Our rule is that a state prisoner has not "fairly presented" (and thus
     exhausted) his federal claims in state court *unless he specifically indicated to*
3    *that court that those claims were based on federal law.* See Shumway v. Payne,
     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
4    Duncan, this court has held that the *petitioner must make the federal basis of the*
     *claim explicit either by citing federal law or the decisions of federal courts, even*
5    *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
     (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
6    underlying claim would be decided under state law on the same considerations
     that would control resolution of the claim on federal grounds. Hiivala v. Wood,
7    195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
     (9th Cir. 1996); . . . .
8            In Johnson, we explained that the petitioner must alert the state court to
     the fact that the relevant claim is a federal one without regard to how similar the
9    state and federal standards for reviewing the claim may be or how obvious the
     violation of federal law is.

10

11   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

12          In the instant petition, Ground Two challenges the three prior BPH hearings on the grounds

13   that the hearings were unlawfully delayed.  (Doc. 1, p. 37).  In Ground One, Petitioner also argues,

14   inter alia, that the 2006 BPH decision was "untimely."  (Doc. 1, p. 24).

15          As Respondent correctly notes, however, in Petitioner's state habeas petition filed by his

16   attorney in the California Supreme Court, no claim of untimeliness is raised.  (Doc. 13, Ex. 5).

17   Rather, Petitioner's counsel contended only that there was insufficient evidence to support a finding

18   that Petitioner posed an unreasonable risk of danger and that the Board's decision was not supported

19   by "some evidence."  (Id.).  By failing to present his untimeliness argument to the State's highest

20   court, Petitioner has failed to exhaust that issue as required.

21          In his opposition, Petitioner vehemently contends that the issue is exhausted, noting excerpts

22   from the state petitions filed in the 5th DCA and the California Supreme Court.  (Doc. 14, p. 3).  The

23   former is irrelevant to an exhaustion analysis, since the issue is whether Petitioner presented his

24   claim not to an intermediate state court but to the State's highest court, i.e., the California Supreme

25   Court.  In that regard, Petitioner points to a fleeting reference in the Statement of the Facts in that the

26   petition filed in the California Supreme Court.  (Doc. 13, Ex. 5, p. 7).  His attorney writes, "At

27   petitioner's fourth parole hearing, *that was untimely against his constitutional interests*, on August

28   14, 2006, the Board of Prison Hearings gave petitioner a 2 year parole denial."  (Id.). (Emphasis

10

1  supplied).

2         In the Court's view, such a "drive-by" reference to a constitutional claim falls far below the

3  "fair presentation" requirement for exhaustion of state remedies.  First, the Court notes that this brief

4  reference does not refer to Petitioner's three prior parole hearings and therefore provides no basis for

5  concluding that those claims have been exhausted.  Second, the "fair presentation" requirement for

6  exhaustion has simply not been met.

7         To exhaust a claim, the petitioner must have presented his federal constitutional issue before

8  the appropriate state court "within the four corners of his appellate briefing."  Castillo v. McFadden,

9  399 F.3d 993, 1000 (9th Cir. 2005).   "[O]rdinarily a state prisoner does not 'fairly present' a claim to

10  a state court if that court must read beyond a petition or a brief (or a similar document) that does not

11  alert it to the presence of a federal claim in order to find material, such as a lower court opinion in

12  the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347 (2004).  Exhaustion

13  demands more than drive-by citation detached from any articulation of an underlying federal legal

14  theory.  Castillo, 399 F.3d at 1003.  General appeals to broad constitutional principles, such as due

15  process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.  Gray v.

16  Netherland, 518 U.S. 152, 162-163, 116 S.Ct. 2074 (1996).

17         Here, Petitioner's counsel presented the California Supreme Court with a petition partitioned

18  into sections, including, inter alia, Statement of the Facts, Request for Relief, Memorandum of

19  Points & Authorities, and Discussion.  (Doc. 13, Ex. 5).  Under "Discussion," Petitioner's counsel

20  lists three legal arguments as to why the BPH's 2006 decision should be set aside.  Nowhere in that

21  "Discussion" is the issue of untimeliness raised.  Indeed, even in the Statement of Facts, counsel

22  makes only the briefest reference to the fact that the hearing was "untimely against [Petitioner's]

23  constitutional interests."   Counsel does not specify whether those "constitutional interests" derive

24  from the California State Constitution or from the United States Constitution.  Counsel does not set

25  forth facts upon which the California Supreme Court could consider whether the alleged

26  untimeliness of the 2006 hearing violated Petitioner's "constitutional interests."  Nor does counsel

27  premise such a constitutional denial as a legal basis for reversing the BPH's decision.

28         "[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some

1    makeshift needles in the haystack of the state court record.  The ground relied upon must be

2    presented face-up and squarely; the federal question must be plainly defined.  Oblique references

3    which hint that a theory may be lurking in the woodwork will not turn the trick." Martens v.

4    Shannon, 836 F.2d 715, 717 (1st Cir. 1988); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.

5    1991)("Judges are not like pigs hunting for truffles buried in briefs.").

6           In sum, Petitioner did not put the California Supreme Court on notice as to his claim that the

7    untimeliness of any of his four prior parole hearings violated his federal constitutional rights, and

8    thus those claims were not "fairly presented" to the State's high court.  Accordingly, those claims are

9    not exhausted.[3]

10                                    **RECOMMENDATION**

11          Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss

12   (Doc. 13), be GRANTED, and that the habeas corpus petition be DISMISSED for Petitioner's failure

13   to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for lack of exhaustion.

14          This Findings and Recommendation is submitted to the United States District Court Judge

15   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

16   the Local Rules of Practice for the United States District Court, Eastern District of California.

17   Within twenty (20) days after being served with a copy, any party may file written objections with

18   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

19   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

20   filed within fourteen (14) court days (plus three days if served by mail) after service of the

21   objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

22   (b)(1)(C).

23   ///

24   ///

25

26          [3]Normally, the Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust
27   the claim in state court if he can do so.  See Rose, 455 U.S. at 521-22.  In some instances, the Court has, alternatively,
     permitted a petitioner to withdraw the unexhausted claims and proceed on the exhausted claims.  Here, however, in light of
28   the Court's recommendation to dismiss the petition as untimely, dismissal of only the unexhausted claims would serve no
     practical purpose.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 8, 2010**                                                          **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE