UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG, ) | 1:10-cv-00461-AWI-JLT HC |
| ) | |
| Petitioner, ) | ORDER WITHDRAWING FINDINGS AND |
| ) | RECOMMENDATIONS OF JULY 8, 2010 |
| v. ) | (Doc. 16) |
| ) | |
| ) | FINDINGS AND RECOMMENDATION RE: |
| WARDEN JAMES D. HARTLEY, ) | RESPONDENT'S MOTION TO DISMISS |
| ) | THE PETITION (Doc. 13) |
| Respondent. ) | |
| _____) | ORDER DIRECTING OBJECTIONS TO BE |
| | FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on March 9, 2010.[1] In it, Petitioner challenges a decision of the Board of Parole Hearings ("BPH")

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for the instant federal petition, the Court will consider the date of signing of the proof of service as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the proof of service for the instant petition on

1

following a hearing on August 14, 2006, that Petitioner was not suitable for parole.  In the first and third grounds for relief, Petitioner argues that the BPH's 2006 decision was an unconstitutional and unreasonable determination of the facts and a violation of due process.  (Doc. 1, p. 24; 51).  In the second ground for relief, Petitioner appears to challenge four prior parole denials as well, contending, inter alia, that the BPH's prior decisions were a violation of due process and equal protection.  (Doc. 1, p. 37).

On March 24, 2010, the Court ordered Respondent to file a response.  (Doc. 7).  On May 25, 2010, Respondent filed the instant motion to dismiss, contending that the petition is untimely and unexhausted and therefore should be dismissed.  (Doc. 13).  On June 9, 2010, Petitioner filed his opposition to the motion to dismiss (Doc. 14), and on June 23, 2010, Respondent filed a reply.  (Doc. 15).  On July 8, 2010, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss.  (Doc. 16).  That Findings and Recommendations was premised upon the Court's conclusion that the time for filing a federal petition commenced upon the day following the BPH's denial of parole suitability.  Petitioner duly filed objections to the Findings and Recommendations on July 21, 2010.  (Doc. 18).

After further consideration, the Court concludes, for the reasons set forth below, that the one-year period commences on the day following the finality of the BPH's decision, rather than the day following the actual decision itself.  Unfortunately for Petitioner, as discussed more fully below, that does not alter the Court's conclusion that the petition is untimely.  Accordingly, the Court will order the Findings and Recommendations of July 8, 2010 withdrawn, and these Findings and Recommendations to grant Respondent's motion to dismiss will supercede the original Findings and Recommendations.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules

---

March 9, 2010.  (Doc. 1, p. 59).   For all state petitions, the Court will use the actual filing date since Petitioner was represented by counsel in those proceedings.  See Rules Governing Section 2254 Cases, Rule 3(d).

Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period and Respondent's contention that the claims are unexhausted in state court. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 24, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

3

> limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, as discussed, Petitioner is challenging the results of a BPH hearing on August 14, 2006. At that hearing, the BPH found that Petitioner was not suitable for parole and that he would pose an unreasonable risk of danger to society or a threat to public safety if released from prison . (Doc. 1, p. 149).

The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.

While an inmate is not permitted to lodge an administrative appeal of his parole decisions, see Cal. Code Regs., tit. 15, § 2050 (repealed May 1, 2004), pursuant to California regulations, decisions of the BPH following a hearing are considered "*proposed* decisions and shall be reviewed prior to their effective date in accordance with" specified procedures. Cal. Code Regs., tit. 15, § 2041(a) (2010)(Emphasis supplied). In keeping with this state regulation, the BPH decision in this

case indicated that it would not be final for 120 days.  (Doc. 13, Ex. 1, Attach. A).  See Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041 (f)(inmates sentenced under the Indeterminate Sentencing Law).

  Thus, although the "factual basis" for Petitioner's claim would have been readily discoverable following the BPH hearing on August 14, 2006, since that decision was only a proposed decision that did not become final until 120 days later, i.e., on December 12, 2006, the one-year period would have commenced the following day, i.e., on December 13, 2006.  Such a view is consistent with the majority of federal courts in this district who have addressed the problem.  See, e.g., Anderson v. Cate, 2010 WL 2793736, * 6 (E.D. Cal. July 14, 2010); Reid v. Haviland, 2010 WL 2889757, *2 (E.D. Cal. July 21, 2010); Riley v. Hartley, 2010 WL 2556832, *3-5 (E.D. Cal. June 21, 2010); Stotts v. Sisco, 2009 WL 2591029, *4 (E. D. Cal. Aug. 20, 2009); Nelson v. Clark, 2008 WL 2509509, *7-9 (E.D. Cal. June 23, 2008); Wilson v. Sisto, 2008 WL 4218487, *2 (E.D. Cal. Sept. 5, 2008).  The one-year period would have continued to run, absent applicable statutory or equitable tolling, until it expired 365 days later on December 12, 2007.  As mentioned, the instant petition was filed on March 9, 2010, approximately twenty-seven months after the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

  Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

1   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
2   (9th Cir. 1999).
3          Nevertheless, there are circumstances and periods of time when no statutory tolling is
4   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
5   appeal and the filing of an application for post-conviction or other collateral review in state court,
6   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.
7   Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of
8   a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a
9   federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120
10  (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,
11  2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already
12  run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
13  ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the
14  state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner
15  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See
16  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).
17         Here, the documents submitted by Respondent with the motion to dismiss establish that
18  Petitioner filed the following state habeas petitions related to the 2006 BPH hearing: (1) petition
19  filed in the Superior Court of Merced County on June 27, 2007, and denied on September 13, 2007;
20  (2) petition filed in the 5th DCA on January 10, 2008 and denied on May 14, 2009; and (3) petition
21  filed in the California Supreme Court on June 25, 2009 and denied on December 2, 2009.
22         As discussed previously, the one-year period commenced on December 13, 2006 and
23  continued to run until Petitioner filed his first state habeas petition in the Merced County Superior
24  Court on June 27, 2007, a period of 196 days.  At that point, Petitioner would have had 169 days
25  remaining on his one-year period.  Assuming, without deciding, that all three state petitions were
26  "properly filed" within the meaning of the AEDPA, Petitioner would be entitled to statutory tolling
27  for the pendency of those petitions.
28         Under normal circumstances, Petitioner would also be entitled to tolling for the intervals

between the denial of a petition in the lower state court and the filing of a petition in a higher court. However, for the reasons set forth below, the Court concludes that the petition filed by Petitioner in the California Court of Appeal was not filed within a reasonable time and therefore Petitioner is not entitled to tolling for the interval preceding the filing of that petition.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval

tolling.[2]

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans"). Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3-month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day

---

[2] Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the delay between the denial of the first petition on September 13, 2007 and the filing of the second petition on January 10, 2008 was a period of 118 days, a period well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, Petitioner is not entitled to interval tolling during that period of time. Accordingly, the one-year period resumed on September 14, 2007 with 169 days remaining, and continued to run until Petitioner filed his second habeas petition in the California Court of Appeal on January 10, 2008, 118 days later. At that point, 314 days of the one-year period had been used, leaving only 51 days remaining.

Assuming, without deciding, that Petitioner is entitled to statutory tolling for the pendency of his second petition, the interval between denial of his second petition and the filing of his third petition, and the pendency of the third petition, the one-year period would have resumed the day following the denial of his third petition, i.e., on December 3, 2009. The one-year period continued to run unabated until it expired 51 days later on January 23, 2010. Petitioner did not file the instant petition until March 9, 2010, 45 days after the one-year period had expired.[3]

This same untimeliness principles forecloses the Court's consideration of any habeas challenge to the BPH's decision at prior hearings, as alleged in Ground Two. Petitioner alleges in Ground Two that he was subjected to illegal and unconstitutional BPH hearings on three occasions prior to the 2006 hearing: May 3, 2001, December 24, 2002, and August 19, 2004. (Doc. 1, p. 23). Petitioner was present at each of these hearings, and at the conclusion of each the BPH denied parole suitability. (Id., pp. 80; 88; 93). Accordingly, the one-year periods for challenging those BPH decisions would have commenced, respectively, on May 4, 2001,[4] December 25, 2002, and August 20, 2004, and would have expired, respectively, on May 3, 2002, December 24, 2003, and August

---

[3] The Court's calculation of the running of the one-year statute varies from Respondent's motion to dismiss because Respondent, in most instances, has used the actual filing date of the state petitions whereas the Court is giving Petitioner the benefit of the doubt by using the signature date pursuant to the mailbox rule.

[4] The transcript of this hearing attached to the petition did not contain an effective date for the decision. Therefore, the Court must assume the decision was effective as of the date of the hearing, i.e., May 3, 2001. However, given the span of time since the May 4, 2001 hearing, even if that BPH decision was not final for an additional 120 days, it would not alter the outcome that any federal claim filed in the instant petition would be untimely. The transcripts of the two subsequent hearings indicate the finality date for purposes of calculating the one-year limitation period.

19, 2005. Shelby, 391 F.3d at 1066. Petitioner has not submitted any evidence to establish that he is entitled to statutory tolling for those three periods that are of sufficient length to make timely any petition raising claims pertaining to those hearings. The "round" of state habeas petitions filed by Petitioner regarding his 2006 hearing was commenced after all three of the earlier one-year periods had expired. Thus, the state petitions provide no statutory tolling for the three earlier petition. In the absence of any tolling, those claims are barred by the AEDPA's one-year limitation period as well.

In sum, after considering all possible statutory tolling available to Petitioner, the petition is still untimely. Thus, unless Petitioner is entitled to equitable tolling, the petition should be dismissed for violating 28 U.S.C. § 2244(d).

### D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __ S.Ct. __, 2010 WL 2346549 *9 (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be

dismissed.

E. The Petition Should Be Dismissed For Lack Of Exhaustion.

As an alternative ground for dismissal, Respondent argues that the petition is unexhausted and should be dismissed. The Court agrees.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Ground Two challenges the three prior BPH hearings on the grounds that the hearings were unlawfully delayed.  (Doc. 1, p. 37).  In Ground One, Petitioner also argues, inter alia, that the 2006 BPH decision was "untimely."  (Doc. 1, p. 24).

As Respondent correctly notes, however, in Petitioner's state habeas petition filed by his attorney in the California Supreme Court, no claim of untimeliness is raised.  (Doc. 13, Ex. 5).  Rather, Petitioner's counsel contended only that there was insufficient evidence to support a finding that Petitioner posed an unreasonable risk of danger and that the Board's decision was not supported by "some evidence."  (Id.).  By failing to present his untimeliness argument to the State's highest court, Petitioner has failed to exhaust that issue as required.

In his opposition, Petitioner vehemently contends that the issue is exhausted, noting excerpts from the state petitions filed in the 5th DCA and the California Supreme Court.  (Doc. 14, p. 3).  The former is irrelevant to an exhaustion analysis, since the issue is whether Petitioner presented his claim not to an intermediate state court but to the State's highest court, i.e., the California Supreme Court.  In that regard, Petitioner points to a fleeting reference in the Statement of the Facts in that the petition filed in the California Supreme Court.  (Doc. 13, Ex. 5, p. 7).  His attorney writes, "At petitioner's fourth parole hearing, *that was untimely against his constitutional interests*, on August 14, 2006, the Board of Prison Hearings gave petitioner a 2 year parole denial."  (Id.). (Emphasis

supplied).

In the Court's view, such a "drive-by" reference to a constitutional claim falls far below the "fair presentation" requirement for exhaustion of state remedies. First, the Court notes that this brief reference does not refer to Petitioner's three prior parole hearings and therefore provides no basis for concluding that those claims have been exhausted. Second, the "fair presentation" requirement for exhaustion has simply not been met.

To exhaust a claim, the petitioner must have presented his federal constitutional issue before the appropriate state court "within the four corners of his appellate briefing." Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347 (2004). Exhaustion demands more than drive-by citation detached from any articulation of an underlying federal legal theory. Castillo, 399 F.3d 1003. General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. Gray v. Netherland, 518 U.S. 152, 162-163, 116 S.Ct. 2074 (1996).

Here, Petitioner's counsel presented the California Supreme Court with a petition partitioned into sections, including, inter alia, Statement of the Facts, Request for Relief, Memorandum of Points & Authorities, and Discussion. (Doc. 13, Ex. 5). Under "Discussion," Petitioner's counsel lists three legal arguments as to why the BPH's 2006 decision should be set aside. Nowhere in that "Discussion" is the issue of untimeliness raised. Indeed, even in the Statement of Facts, counsel makes only the briefest reference to the fact that the hearing was "untimely against [Petitioner's] constitutional interests." Counsel does not specify whether those "constitutional interests" derive from the California state constitution or from the United States Constitution. Counsel does not set forth facts upon which the California Supreme Court could consider whether the alleged untimeliness of the 2006 hearing violated Petitioner's "constitutional interests." Nor does counsel premise such a constitutional denial as a legal basis for reversing the BPH's decision.

"[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some

makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs hunting for truffles buried in briefs.").

In sum, Petitioner did not put the California Supreme Court on notice as to his claim that the untimeliness of any of his four prior parole hearings violated his federal constitutional rights, and thus those claims were not "fairly presented" to the State's high court. Accordingly, those claims are not exhausted.[5]

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that the Findings and Recommendations of July 8, 2010 (Doc. 16), are WITHDRAWN.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 13), be GRANTED, and that the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

---

[5] Normally, the Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim in state court if he can do so. See Rose, 455 U.S. at 521-22. In some instances, the Court has, alternatively, permitted a petitioner to withdraw the unexhausted claims and proceed on the exhausted claims. Here, however, in light of the Court's recommendation to dismiss the petition as untimely, dismissal or withdrawal of only the unexhausted claims would serve no practical purpose.

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2010**                                                   /s/ Jennifer L. Thurston
                                                                                          UNITED STATES MAGISTRATE JUDGE