# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALWINDER SINGH TUNG, | ) 1:10-cv-00461–AWI-JLT HC |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON HIS OWN RECOGNIZANCE OR REASONABLE BAIL |
| v. | ) (Doc. 20) |
| WARDEN JAMES D. HARTLEY, | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on March 9, 2010. In it, Petitioner challenges a decision of the Board of Parole Hearings ("BPH") following a hearing on August 14, 2006, that Petitioner was not suitable for parole. In the first and third grounds for relief, Petitioner argues that the BPH's 2006 decision was an unconstitutional and unreasonable determination of the facts and a violation of due process. (Doc. 1, p. 24; 51). In the second ground for relief, Petitioner appears to challenge four prior parole denials as well, contending, inter alia, that the BPH's prior decisions were a violation of due process and equal protection. (Doc. 1, p. 37).

On March 24, 2010, the Court ordered Respondent to file a response. (Doc. 7). On May 25, 2010, Respondent filed the instant motion to dismiss, contending that the petition is untimely and

unexhausted and therefore should be dismissed. (Doc. 13). On June 9, 2010, Petitioner filed his opposition to the motion to dismiss (Doc. 14), and on June 23, 2010, Respondent filed a reply. (Doc. 15). On July 8, 2010, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss. (Doc. 16). That Findings and Recommendations was premised upon the Court's conclusion that the time for filing a federal petition commenced upon the day following the BPH's denial of parole suitability. Petitioner duly filed objections to the Findings and Recommendations on July 21, 2010. (Doc. 18).

In light of Petitioner's objections, the Court withdrew the original Findings and Recommendations and reconsidered Respondent's motion to dismiss. (Doc. 19). On August 30, 2010, the Court issued new Findings and Recommendations to grant the motion to dismiss because the Court found the petition untimely. (Id.). On September 15, 2010, Petitioner filed his objections to the Findings and Recommendations. (Doc. 20). On that same date, Petitioner filed the instant motion for release on his own recognizance or upon reasonable bail. (Doc. 21). In that motion, Petitioner re-argues the merits of his petition, contending that he should be released on parole, and attaches documents previously submitted to the Court indicating support for his release from family and friends.

## DISCUSSION

In his motion, Petitioner indicates the following criteria qualify him for release on parole: he is a United States citizen, he will have a place to live and a job, a colleague will post security for Petitioner's release, Petitioner has strong community ties, Petitioner had no previous criminal record, and Petitioner's prison record shows that he is stable and not a safety risk. (Doc. 20, pp. 7-10).

The Ninth Circuit has not yet determined whether a federal district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding. In re Roe, 257 F.3d 1077, 1079-1080 (9th Cir. 2001.) However, even assuming that a district court has this power, the exercise of such authority is reserved for extraordinary cases. Id., 257 F.3d at 1080; see also United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (bail pending the resolution of a habeas corpus petition filed in a district court is reserved to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success). A petitioner must demonstrate some

circumstance that makes him exceptional and especially deserving of such special treatment in the interests of justice.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (Douglas, Justice, in chambers); Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  In addition to these factors, the Court must take into consideration the petitioner's risk of flight and the danger to the community should he be released.  See Marino v. Vasquez, 812 F.2d 499, 508-09 (9th Cir. 1987).

   The Court has carefully reviewed Petitioner's motion for release on bail and concludes that Petitioner has not met the above requirements.  First, Petitioner fails to show that there is a "high probability" that his claim will succeed.  Indeed, given the fact that the Court has already issued new Findings and Recommendations to dismiss the petition as untimely, the likelihood that Petitioner will succeed on the merits of his petition seem remote at best.   Although Petitioner reiterates in his motion for bail that his habeas claims have merit, and although Petitioner rails at the Court's decision to re-issue Findings and Recommendations, none of Petitioner's arguments are persuasive that he will prevail on the merits of his case; thus, the Court cannot conclude at this juncture that Petitioner has shown a "high probability" of success.

   The Court notes that the Ninth Circuit Court of Appeals has indicated that "even if we found that the allegations in his petition for habeas corpus made out a clear case for his release...[,] [s]omething more than that is required before we would be justified in granting bail." Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  Here, even assuming, arguendo, that Petitioner would prevail on the merits of his claims, he has not shown any other special circumstances to be present that would justify the setting of bail.  Many of the Court's state prisoners proceeding with habeas corpus claims attacking the denial of parole suitability have clean prison records, jobs awaiting them on release, and a network of family and friends prepared to support the prisoner once he has been released.  Certainly, most, if not all, are United States citizens.  Therefore, without diminishing Petitioner's behavior while incarcerated, and while his efforts at rehabilitation are noteworthy, they are by no means exceptional.  Nor is the fact that he has family and friends to support him or a job arranged upon his release.

   Considering all of the foregoing factors, therefore, the Court concludes that Petitioner has failed to make a showing that he satisfies the requisite "exceptional" circumstances for granting bail

in the instant case.

**<u>ORDER</u>**

Accordingly, it is HEREBY ORDERED that Petitioner's Motion for Release on his Own Recognizance or Upon Reasonable Bail (Doc. 20), is hereby DENIED.

IT IS SO ORDERED.

Dated:   December 15, 2010

CHIEF UNITED STATES DISTRICT JUDGE